**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF NEW JERSEY
M.L. KING JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
PO BOX 1352
NEWARK, NJ 07101-1352
(973) 645-2464

NOVALYN L. WINFIELD
BANKRUPTCY JUDGE

October 2, 2013

Marc P. Feldman, Esq.

440 Speedwell Avenue

Morris Plains, NJ 07950


Dolores Portis

4 George Street

Morristown, NJ 07960


       RE:  Beverly Curry

           Case No.:  12-26201

         **LETTER OPINION**


Dear Mr. Feldman and Ms. Portis:

  This matter is before the court on the Debtor's objection to Claim No. 10 filed by Delores Portis ("Ms. Portis"), the tax sale certificate holder. As set forth below, the court denies, in part, the Debtor's motion and determines that the proof of claim must be recalculated to conform with this opinion.

## FACTS

Beverly Curry ("Debtor") filed a Chapter 13 petition on June 26, 2012 (the "Petition Date"). Ms. Portis, appearing pro se in this matter, filed a proof of claim on November 5, 2012 in the amount of $43,553.27 ("Claim No. 8"). The Debtor objected to Claim No. 8, contending that Ms. Portis is not entitled to an 18% interest rate because Ms. Portis does not hold a "tax claim" pursuant to § 511 of the United States Bankruptcy Code (the "Code"). Subsequently, the court issued an opinion and order on May 21, 2013 determining that Ms. Portis is a holder of a "tax claim" and directing Ms. Portis to amend her proof of claim in accordance with applicable nonbankruptcy law, specifically N.J.S.A. § 54:4-67. *See In re Curry*, 493 B.R. 447 (Bankr. D.N.J. 2013).

On June 7, 2013, Ms. Portis filed an amended proof of claim ("Claim No. 10"). The amount claimed is $66,452.77. Ms. Portis' claim contained a description of her calculations of the claim and included a redemption worksheet from the Town of Morristown, which sets forth a "redemption calculation date" of June 25, 2012. The calculations set forth on the redemption worksheet from the Town of Morristown are based on a 360-day year.

The Debtor has objected to Claim No. 10 asserting that Claim No. 10 was not calculated in accordance with N.J.S.A. § 54:4-67. The Debtor claims that the proof of claim is inaccurate because it applies an 18% interest rate on all of the delinquent taxes and sewer charges for tax years 2010 through 2012. The Debtor reads N.J.S.A 54:4-67 to require that for each of these tax years, the first $1,500 in delinquent taxes bears an interest rate of 8%, and thereafter only the remaining balance of delinquent taxes in each tax year bears a 18% interest rate. Furthermore,

2

the Debtor argues that the calculation should be based on a 365-day year as opposed to a 360-day year as calculated by the Town of Morristown and subsequently adopted by Ms. Portis. Ms. Portis acknowledges that she relied on the interest calculation contained in the redemption worksheet and asserts that she is entitled to rely upon them because: (i) the redemption worksheet was prepared by the taxing authority, and (ii) as the Debtor's taxes were delinquent when she purchased the tax sale certificate, she is entitled to the 18% rate on all amounts due in subsequent years.

## DISCUSSION

### A. Applicable Interest Rate for Tax Years 2010-2012

Under § 511 of the Code, the amount of interest to be charged is determined by applicable non-bankruptcy law. *See* 11 U.S.C. § 511. The court looks to N.J.S.A. § 54:4-67 to determine the rate which should be applied to Ms. Portis' claim. N.J.S.A. § 54:4-67(a) states in pertinent part:

> The governing body may also fix the rate of interest to be charged for the nonpayment of taxes, assessments, or other municipal liens or charges, unless otherwise provided by law, on or before the date when they would become delinquent, and may provide that no interest shall be charged if payment of any installment is made within the tenth calendar day following the date upon which the same became payable. **The rate so fixed shall not exceed 8% per annum on the first $1,500.00 of the delinquency and 18% per annum on any amount in excess of $1,500.00, to be calculated from the date the tax was payable until the date that actual payment to the tax collector is made.**

N.J.S.A. § 54:4-67 (emphasis added).

N.J.S.A. § 54:4-67 defines "delinquency" as:

> The sum of all taxes and municipal charges due on a given parcel of property covering any number of quarters or years. The property shall remain delinquent, as defined herein, until such time as all unpaid taxes, including subsequent taxes and liens, together with interest thereon shall have been fully paid and satisfied. The delinquency shall remain notwithstanding the issuance of a certificate of sale pursuant to R.S. 54:5-32 and R.S. 54:5-46, the payment of delinquent tax by the purchaser of the total property tax levy pursuant to section 16 of P.L. 1997, c. 99 (C. 54:5-113.5) and for the purpose of satisfying the requirements for filing any tax appeal with the county board of taxation or the State tax court.

N.J.S.A. § 54:4-67.

After reviewing Chapter 4 (Assessment and Collection of Taxes) and Chapter 5 of Subtitle 2 (Taxation of Real and Personal Property in general) of Title 54 of the New Jersey Statutes, the court concludes that N.J.S.A. 54:4-67 must be applied separately to each tax year, so that for each year's delinquency, the rate is not more than 8% on the first $1,500 of that year's delinquency and 18% on any amount in excess of $1,500.

This conclusion is consistent with other provisions dealing with the assessment and collection of taxes. Under N.J.S.A. 54:4-1, all property, real and personal, not expressly exempted or excluded from taxation is subject to taxation annually. Similarly, on October 1st of each year, all real property is assessed to the person owning it on that date. See N.J.S.A. 54:4-23. Further, under N.J.S.A. 54:4-66(a), taxes are payable in four installments annually, and if not paid on the installment date, become delinquent. In short, the assessment, payment, and if no payment is made, the delinquency, occurs within each year. As the statutory section at issue before this court (N.J.S.A. 54:4-67) also is part of the same Chapter 4 of the tax statute, it is also most consistent with these provisions recited above to read it to likewise apply to taxes paid or delinquent per year, rather than cumulatively. Subsection (a) of N.J.S.A. 54:4-67 not only provides for the interest rate fixed by the municipality to not exceed 8% the first $1,500 of the

4

delinquency and 18% on any amount in excess of $1,500, but also authorizes the municipality to not charge interest if any installment is paid within 10 days following the date payable, and further authorizes the municipality to give a discount if taxes are paid before they are due. Read as a whole, subsection (a) addresses payment, interest rate and delinquency as applying to particular tax years. Unquestionably the definition of delinquency in N.J.S.A. 54:4-67(c) is very broad, but it is best read simply as clarifying that a delinquency for multiple installments or years is not satisfied by payment of only a portion of the taxes and charges that are past due. It should not be read to create a single delinquency that precludes application of the 8% interest rate to the first $1,500 of delinquency in subsequent years.

This court's reading of the statute is premised upon the analysis undertaken by the court in *Twp. of Millburn v. Block, 1208, Lot 2*, 461 A.2d 163 (Ch. Div. 1983) with regard to virtually the same issue. In that matter Millburn purchased the tax sale certificate and some years later sought to redeem the certificate by paying the certificate and the taxes for subsequent years. Like the certificate holder in the present matter, Millburn claimed that N.J.S.A. 54:4-67 and the municipal resolution contemplated a single delinquency and therefore only the first $1,000 (now $1,500) of the total amount due for all unpaid taxes for all subsequent years was subject to the 8% interest ceiling.[1] 461 A.2d at 165. The property owner countered with the argument that the 8% rate applied to the first $1,000 (or $1,500) of each quarterly installment. *Id.* at 165-66. The court observed that"… in the search for legislative intent, courts look to the objective to be attained, the nature of the subject matter and the contextual setting, and the statute is construed as a whole with reference to the system of which it is a part. *Id.* at 166. The court then performed

---

[1] The parties have discussed this issue as if the Town of Morristown has passed a resolution authorizing a 8% rate on the first $1,500 of unpaid taxes and 18% on amounts in excess of $1,500. However, the court has not been presented with any such resolution by either party. If a different rate has been set by resolution, obviously it governs.

an extensive review of the tax statute and concluded that "each year is treated separately for the purpose of N.J.S.A. 54:4-67 and the municipal resolution adapted thereunder, and therefore, that the first $1,000 of delinquent tax <u>in each year</u> ($1,500 for 1980 and later years) is subject to the 8% annual interest rate." *Id.* (emphasis added) In *Crusader Servicing Corp. v. City of Wildwood*, 345 N.J. Super. 456 (Law Div. 2001), the court was required to determine the amount of the reimbursement to Crusader Servicing Corp. ("Crusader") after it was determined that the City of Wildwood sold an invalid tax sale certificate. Crusader had not only purchased the tax sale certificate but had also paid three subsequent years of taxes before it was determined that the tax sale certificate should not have been sold. The tax collector acknowledged the error and proposed to reimburse Crusader with interest at the legal rate. 345 N.J. Super at 459. Crusader disagreed, arguing in particular that the real estate taxes and fees it paid after purchase of the certificate should be paid at the rate set forth in N.J.S.A. 54:4-67 (8% on the first $1,500 and 18% thereafter) *Id.* The court also reviewed various provisions of the tax statute and found Crusader to be entitled to reimbursement at the statutory rate requested by Crusader. *Id.* 487-90. Finally, in *Matter of Iseley*, 104 B.R. 673, 680 (Bankr. D.N.J. 1989), Judge Tuohey similarly held that the 8% cap on the first $1,500 applies to each year.

This court is persuaded by the foregoing case authority and concurs that the proof of claim must be recalculated to apply an 8% interest rate to the first $1,500 and an 18% interest rate to amounts in excess of $1,500 for each year set forth in the proof of claim.

### B. <u>A 360-day Year is Appropriate For Calculation of Interest</u>

The Debtor argues that the proof of claim must be calculated based on a 365-day year, as opposed to a 360-day year. The Debtor does not provide any support for this contention. The

6

court's review of the tax sale statute reveals that neither a 360-day, nor 365-day year is expressly referenced in the language of N.J.S.A. § 54:4-67, or any other related statute.

Although not expressly employed in the tax sale statute, the court finds that use of the 360-day year is appropriate as it is a common commercial practice. The 360-day year derives from accounting methods used before electronic computing became prevalent. *See generally Silverstein v. Shadow Lawn Savings and Loan Assoc.*, 51 N.J. 30, 34-39 (1968) (discussing the 360/360, 365/365 and 365/360 methods of calculating interest). The New Jersey Supreme Court also addressed this issue in *Varsolona* stating:

> Furthermore, we note that the methodology of using a 360–day year to calculate a *per diem* interest rate that is spread over 365 days is consistent with that employed by Jersey City in its own accounting, and disclosed as per the requirements of the Generally Accepted Accounting Principles (GAAP), which municipalities are bound to follow. *See N.J.A.C.* 5:31–7.1 (requiring all municipalities to follow GAAP). *But see Silverstein v. Shadow Lawn Savings & Loan,* 51 *N.J.* 30, 41–43, 237 *A.*2d 474 (stating that absent statutory or contractual language disclosing same, party may not employ 365/360 method of computing interest). We conclude that even though the 360–day year assumption effectively results in the taxpayer paying an annual rate of 18.25%, the assumption is permissible and consistent with the methodology that apparently would be used in IPPs issued by Jersey City itself.

*Varsolona v. Breen Capital Servs. Corp.*, 180 N.J. 605, 627 (2004).

The 360-day year provides for ease of calculation into either four-quarters or twelve months and circumvents inconsistencies in calculations during leap years. *Id.* Both the 365/365 method and the 360/360 method for calculating are described as "exact simple interest." In the absence of a statutory provision requiring a specific method for calculating interest, the 360-day

7

year employed by the Town of Morristown is permissible as a commonly accepted method of computing interest, and comports with existing case authority. [2]

## CONCLUSION

Claim 10 must be amended to comply with this court's decision and the terms of N.J.S.A. 54:4-67(a). Additionally the use of a 360-day year for calculation of the interest due is appropriate.

/S/

NOVALYN L. WINFIELD

United States Bankruptcy Judge

cc:    Brian Knapp, Esq.

---

[2] There is also reference to a 360-day year in N.J.S.A. § 31:1-1, which sets forth the manner in which to compute interest rates for various contracts. Pursuant to N.J.S.A. § 31:1-1, entitled "contract rate; rate on mortgages on dwellings and other loans; computation of interest or discount; determination of rates," interest is calculated based on a 360-day year.